No. 2885. WINGO v. CALDWELL. November Term, 1891. This was an action for the recovery of sixty acres of land, the plaintiff claiming as remainderman under the will of one Davis and the defendant by parol gift from Davis in his life-time. Judgment below (KERSHAW, J.) was for plaintiff, and defendant appealed.

1. This court would not declare error in the refusal of the Circuit Judge to grant a non-suit on the ground that there was no proof of the death of the life tenant, when no such ground, but an entirely different one, was taken in support of the motion for non-suit. At the close of all the testimony, proof of this fact was permitted to be supplied, and doubtless such permission would have been granted at the time the motion was made if this omission had been made one of the grounds of the motion. *State* v. *Clyburn*, 16 S. C., 378; *Poole* v. *Mitchell*, 1 Hill, 404; *Browning* v. *Huff*, 2 Bail., 179.

2. Testimony received without objection cannot be made a ground of exception on appeal, and error in permitting proof by

plaintiff of declarations by Davis cannot be urged in argument when not covered by any ground of appeal, and when in fact such declarations were ruled out.

3. The trial judge charged the jury "that after plaintiff had shown a legal title to the land in dispute, a defendant who claims by adverse possession, before he can defeat plaintiff's claim, must show that he has had the open, notorious, hostile, and continuous possession for the full time required by the statute." The third ground of appeal complained of this charge, and in overruling it the court say: "The third ground, as we gather from the argument here, is rested upon the alleged improper use of the word 'notorious' by the judge in defining adverse possession to the jury; the claim being that, in this case, it would be sufficient if the adverse possession of defendant was known to J. B. Davis, and that it need not be notorious. An examination of the judge's charge will show that the judge, in speaking of this particular case, did say to the jury that if the defendant went into possession of this land by permission of Davis, she could not claim it adversely to him, or those claiming under him, unless she showed that such permissive occupancy had terminated, and that she was claiming the land as her own, and that 'at some time and in some way the knowledge of this fact must become known to Maj. Davis,' which, as it seems to us, fully meets appellant's objection. The sentence in which the objectionable word 'notorious' was used was a statement of the general rule, which was unquestionably stated correctly, as may be seen by reference to the case of *Hill* v. *Saunders*, 6 Rich., at page 67, as well as many other cases which might be cited to the same effect. Considering, therefore, the judge's charge as a whole, as it must be considered, there is no ground for the error imputed to it in the third ground of appeal."

Judgment affirmed. OPINION by MR. CHIEF JUSTICE MC-IVER, March 2, 1892. *S. Wilson*, for appellant. *Duncan & Sanders*, contra.